# UNITED STATES DISTRICT COURT

for the

Middle District of North Carolina

Durham Division

|  |  |  |
|---|---|---|
| Maria Bilinski Shain | ) | Case No. 19CV101 |
| | ) | *(to be filled in by the Clerk's Office)* |
| | ) | |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | Jury Trial: *(check one)* ☑Yes ☐No |
| -v- | ) | |
| | ) | |
| A. University of North Carolina Center for Public Television | ) | |
| B. Susan Scott | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | |

JAN 22 2019

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Maria Bilinski Shain |
| Street Address | 3539 Hope Valley Road |
| City and County | Durham, Durham County |
| State and Zip Code | North Carolina, 27707 |
| Telephone Number | 919-724-8574 |
| E-mail Address | bilinski.shain@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | University of North Carolina Center for Public Television (UNC-TV) |
| Job or Title *(if known)* | |
| Street Address | 10 UNC-TV Drive |
| City and County | Research Triangle Park, Durham County |
| State and Zip Code | North Carolina 27709 |
| Telephone Number | (919) 549-7000 |
| E-mail Address *(if known)* | bskinner@unctv.org |

**Defendant No. 2**

| | |
|---|---|
| Name | Susan Scott |
| Job or Title *(if known)* | Chief Advancement & Marketing Officer, UNC-TV |
| Street Address | 10 UNC-TV Drive |
| City and County | Research Triangle Park, Durham County |
| State and Zip Code | North Carolina 27709 |
| Telephone Number | (919) 549-7259 |
| E-mail Address *(if known)* | sscott@unctv.org |

**Defendant No. 3**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**Defendant No. 4**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**C.     Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | University of North Carolina Center for Public Television |
| Street Address | 10 UNC-TV Drive |
| City and County | Research Triangle Park, Durham County |
| State and Zip Code | North Carolina 27707 |
| Telephone Number | (919) 549-7000 |

**II.     Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

   *(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

   *(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

   *(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Other federal law *(specify the federal law)*:

☐     Relevant state law *(specify, if known)*:

☐     Relevant city or county law *(specify, if known)*:

## III.     Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.     The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐  Failure to hire me.
- ☐  Termination of my employment.
- ☑  Failure to promote me.
- ☐  Failure to accommodate my disability.
- ☑  Unequal terms and conditions of my employment.
- ☐  Retaliation.
- ☐  Other acts *(specify)*: _____

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.     It is my best recollection that the alleged discriminatory acts occurred on date(s)

January 2, 2019

C.     I believe that defendant(s) *(check one)*:

- ☑  is/are still committing these acts against me.
- ☐  is/are not still committing these acts against me.

D.     Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐  race _____
- ☐  color _____
- ☐  gender/sex _____
- ☐  religion _____
- ☐  national origin _____
- ☑  age *(year of birth)*  ____1962____  *(only when asserting a claim of age discrimination.)*
- ☐  disability or perceived disability *(specify disability)*

_____

E.     The facts of my case are as follows.  Attach additional pages if needed.

See attached Statement of Claim.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
10/09/2018

B.      The Equal Employment Opportunity Commission *(check one)*:

☐      has not issued a Notice of Right to Sue letter.

☑      issued a Notice of Right to Sue letter, which I received on *(date)*    10/27/2018    .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐      60 days or more have elapsed.

☐      less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See attached Request for Relief.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          01/22/2019

Signature of Plaintiff          _Maria Bilinski S_____

Printed Name of Plaintiff          Maria Bilinski Shain

### B.    For Attorneys

Date of signing:          _____

Signature of Attorney          _____
Printed Name of Attorney          _____
Bar Number          _____
Name of Law Firm          _____
Street Address          _____
State and Zip Code          _____
Telephone Number          _____
E-mail Address          _____

## INTRODUCTION

**NOW COMES** the Plaintiff, Maria Bilinski Shain ("Shain"), complaining of the Defendants, University of North Carolina Center for Public Television (also known as "University of North Carolina Television" and referred to herein as "UNC-TV") and Susan Scott ("Scott"), Chief Advancement & Marketing Officer at UNC-TV, and alleges the following to be true:

1) This action concerns discrimination wherein UNC-TV and Scott failed to promote and treated Shain with unequal terms and conditions of employment in violation of the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634. ("ADEA").

2) Each paragraph of this Complaint incorporates all others, and all exhibits and attachments are incorporated as though fully laid out herein.

The Plaintiff brings this complaint to the U.S. District Court for the Middle District of North Carolina.

## JURISDICTION

1) At all times relevant to this action, Shain was a resident of Durham County, North Carolina, and is neither a minor nor incompetent.

2) UNC-TV is a body politic and corporate, is an entity of the State of North Carolina, and is capable of suing and being sued, as set out in N.C. Gen. Stat. § 116-3.

3) This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises out of the Age Discrimination in Employment Act of 1967; and

4) This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

    4.1) Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

    4.2) N.C. Gen. Stat. § 1-75.4(1)(c) and (d), as UNC-TV was a domestic corporation and was engaged in substantial business activity within this state at the time service of process was made upon it; and/or

    4.3) N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Shain's person or property.

5) Venue is proper in this Court pursuant to any/all of the following:

    5.1) 28 U.S.C. § 1391(b)(1), as Defendant is a resident of the Middle District of North Carolina; and/or

    5.2) 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Middle District of North Carolina;

    5.3) UNC-TV receives substantial Federal financial assistance, as contemplated by 29 U.S.C. § 794(a).

## PARTIES

1) Plaintiff Maria Bilinski Shain is a resident of Durham County, North Carolina, residing at 3539 Hope Valley Road, in Durham. For more than five years. she has been employed by UNC-TV as Art Director in Marketing Communications.

2) Defendant University of North Carolina Center for Public Television (UNC-TV) is a North Carolina state agency or body. It is located at 10 UNC-TV Drive in Research Triangle Park, North Carolina and is the campus at which Plaintiff has been employed for all times relevant to the claims asserted.

3) Defendant Susan Scott is Chief Advancement & Marketing Officer at UNC-TV, located at 10 UNC-TV Drive in Research Triangle Park, North Carolina. She is in charge of the department in which Plaintiff has been employed for all times relevant to the claims asserted which is after Defendant Scott's employment on or around September 21, 2015.

## PREVIOUS LAWSUITS

None

## STATEMENT OF CLAIM

1) Shain began working for Defendant UNC-TV on or around June 24, 2013, as Art Director in Marketing Communications.

2) Shain's job classification was Visual Arts Specialist, Journey Level with a salary of $44,000/year.

3) Shain's job responsibilities included art direction, design and administration of UNC-TV's program guide, CenterPiece magazine; design of trade ads; and other design as assigned, including graphics for the website.

4) Shain's other duties as assigned included a redesign of the UNC-TV website until a new Director of Digital Media put the project on hold on or around spring 2015.

5) Shain's supervisor, Communications Director, Steve Volstad, gave Shain "Very Good" ratings for the 2013-2014 and the 2014-2015 annual performance cycle reviews. (See attachment 1 and 2)

6) In or around 2015, Volstad and the head designer, Candice Cobb, started a job reclassification for Shain to Visual Arts Specialist, Advanced Level which would have included a salary increase to $51,000/year. (See attachment 3)

7) On or around September 21, 2015, UNC-TV hired Defendant Susan Scott as Senior Director of Strategic Alliances.

8) Late January or early February 2016, it was announced that Volstad was retiring (termination date: April 1, 2016) and Defendant Scott was now in charge of the Marketing Communications Department.

9) On or around February 4, 2016, Defendant Scott told the department at her introductory meeting with the group and in Shain's individual meeting that everything the organization did was old and that we were resistant to change and stuck in old technologies.

- 4 -

10) On or around April 28, 2016, Defendant Scott told Shain that her job wouldn't be reclassified and she would not be receiving the raise she was expecting.

11) Defendant Scott was now in charge of giving the annual performance cycle reviews for Marketing Communication. On or around May 27, 2016, Scott gave Shain a "Below Good" rating for the 2015-2016 performance cycle. (See attachment 4)

12) Defendant Scott had only been Shain's supervisor for approximately two months before the performance cycle ended on March 31, 2016. Annual reviews are supposed to cover the whole performance cycle.

13) Shain told Anne Schwarz, UNC-TV Human Resources Manager, that she wanted to appeal the appraisal. Schwarz told Shain that she could add comments, but that the appraisal rating wouldn't change. Shain found out later that she had a 15-day window to file a grievance, but Schwarz hadn't told her about it.

14) On or around June 16, 2016, Defendant Scott gave Shain a Performance Improvement Plan (PIP) due July 15, 2016 with a list of seven deliverables focused mainly on the evolution of CenterPiece.

15) The head designer, Cobb, retired on or around July 1, 2016, earlier than planned. After Cobb's departure, Shain was expected to complete Cobb's duties in addition to her own, yet was not offered or provided any additional compensation. Cobb's title was Assistant Director, Design Manager, Marketing Communications & Engagement and her salary was $69,015/year.

16) Shain pointed out to Defendant Scott that she was now doing two jobs with the addition of the PIP deliverables and that she couldn't do all of the work within 40 hours. Scott told Shain twice that Scott had faith that Shain could do it.

- 5 -

17) Facing disciplinary action if she didn't satisfy the PIP, Shain worked off the clock to complete the project on top of her regular work plus the work of the outgoing head designer.

18) The PIP deliverables were completed by deadline. (See attachment 5)

19) On or around July 12, 2016, Lativia "Tivi" Jones became a permanent employee as UNC-TV's Director of Marketing Communications and Shain's supervisor.

20) On or around July 25, 2016, Tivi Jones and Defendant Scott told Shain that her PIP deliverables were deemed unsatisfactory because Shain's report addressed circulation and mailing issues as well as a digital program guide. Three other items were found insufficient due to lack of detail.

21) Tivi Jones and Defendant Scott assigned an additional PIP to Shain which included a redesign of CenterPiece to include all four channels and an interactive online version to launch the November 2016 issue, plus three smaller tasks.

22) On or around August 26, 2016, Shain received a written warning based on the her "Below Good" appraisal, the June 16, 2016 PIP, and the July 25, 2016 finding that the PIP was unsatisfactory. (See attachment 6)

23) Shain was not the only employee facing disciplinary action. In reaction to two of her coworkers being written up, Shain sent an email to Chris Chiron, the Associate Vice President for Employee Engagement and University Equal Opportunity Officer at UNC System Human Resources, on or around October 6, 2016, telling him that it seemed like "there is a dictate across the organization to get rid of older workers to make room for younger millennials," that "there are serious things wrong at UNC-TV" and "could use some outside attention." (See attachment 7) Shain did not receive an answer.

- 6 -

24) On or around November 2, 2016, Tivi Jones and Schwarz introduced Shain to Mari Forbes, a consultant filling in at the UNC System Office Human Resources Department.

25) Forbes found out that Shain had worked off the clock and hadn't been compensated for it and wasn't told she could file a grievance to appeal her 2015-2016 appraisal.

26) Forbes arranged for Shain to be paid back wages and to appeal her appraisal.

27) The November 2016 CenterPiece included listings for all four channels and had an interactive digital version.

28) Shain satisfied the three other deliverables from the second PIP as well. (See attachment 8)

29) On or around January 12, 2017, there was an informal meeting between Defendant Scott, Shain, and HR representatives Schwarz from UNC-TV and Chiron from the System Office, to reconsider Shain's 2015-2016 appraisal.

30) After the meeting, Defendant Scott reluctantly agreed to change the rating to "Good." (See attachment 9)

31) Shain's supervisor, Tivi Jones, told her that although the appraisal was reversed, the disciplinary action that was based on it couldn't be removed from her record.

32) On or around June 15, 2017, Tivi Jones gave Shain a "Good" rating for the 2016-2017 performance cycle. (See attachment 10)

33) During the spring, summer and fall of 2017, Tivi Jones give Shain new job duties with increased complexity and responsibility, including being on the working groups that developed UNC-TV's new website and app, and asked her to be a leader in multiplatform design.

34) On or around September 6, 2017, Shain applied for an Assistant Director of Creative Services position at UNC-TV.

35) Shain had her first interview for the job on or about November 1, 2017. The interviewers were Tivi Jones; JC Polk, On-Air Fundraising Producer; Rebekah Radisch, Assistant Director of Communications; Joy Potts, Director of Children's Media & Education Services; and Jeff Smith, Producer/Director.

36) On or around November 29, 2017, Shain had a second interview. It consisted of an assignment to come up with a marketing plan for a collaboration with UNC-TV and Burt's Bees and to present it to two interviewers. The interviewers were Defendant Scott and Travis Mitchell, the Senior Director and Chief Content Officer.

37) On or around January 2, 2018, Tivi Jones told Shain that she didn't get the job but that Shain would get a job reclassification to Design Manager and a raise instead, and that Shain would be supervising two junior designers. (See attachment 11)

38) When Shain asked Tivi Jones why Shain didn't get the Assistant Director of Creative Services job, Jones read from the notes from the second interview that said that Shain was very talented, but that she focused too much on an on-air product first and lacked confidence in her presentation.

39) Shain's plan consisted of a weekly series and web pages supported with on-air, online, radio and print promotion and events. The job posting specified print, digital and broadcast design experience and her plan hit all three areas. Shain, excited by her plan, was fairly animated in the presentation.

40) The successful candidate, Sean Neal, is more soft-spoken than Shain, and when they were in meetings together, Shain was the more confident speaker.

41) Neal, who was given the Assistant Director of Creative Services job, is considerably younger than Shain.

42) Neal, at 24 years old, became an assistant director in her first permanent job after college at a salary of $60,000/year. She started at UNC-TV as an intern on June 1, 2015.

43) Neal did not appear to meet the experience requirements of the position.

44) The Assistant Director of Creative Services job posting had specified ten years' experience as a designer and five years' experience managing design teams. (See attachment 12)

45) Shain was 55 years old and had 25+ years of relevant job experience.

46) Shain was an ad designer, then Production Manager and Art/Design Director at the Independent Weekly, a weekly newspaper and website, from October 1997 through August 2012, where she managed a team of five designers.

47) Shain did print bindery work and graphic design at Wordsprint, a printing company, from May 1991 through August 1997.

48) Shain is adaptable to new technologies and has years of digital design experience dating back to 1997.

49) In addition to Shain's two portfolio websites, she developed sites for freelance clients and on the job using multiple platforms and software applications.

50) At the Independent Weekly, Shain designed their website and made interactive and motion graphics (first using Flash, then switched to HTML and CSS when Flash became outdated).

51) In Shain's five years at UNC-TV, besides print work, she has been on multiple digital teams and has designed online graphics for ads, websites and social media, including interactive and motion graphics.

52) Shain is working toward a Graduate Certificate in Digital Communication at the UNC School of Media and Journalism.

53) Since Neal started the job on or about January 8, 2018, Shain has had to explain to Neal parts of the Assistant Director of Creative Services job, not only in print design, such as how to change photos from RGB to CMYK, but also in the digital realm, such as how to change the HTML code on an online video embed to make the width responsive compatible with mobile devices.

54) Shain also provided guidance on the management aspects of the job, such as pointing out that it wasn't fair to exclude the designer of the new Public Media North Carolina logo, Heather Dollar, at the meetings to plan for the logo launch.

55) Tivi Jones, who had been Shain's supervisor up until Neal's promotion and who had submitted the reclassification request for Shain, left UNC-TV on or around February 10, 2018.

56) Before Tivi Jones left, Shain expressed to Jones that Shain was worried that her job reclassification would fall through without Jones' support since Defendant Scott had refused to support the 2016 promotion.

57) Tivi Jones reassured Shain that this time Defendant Scott was in favor of the job reclass.

58) On or around February 24, Mari Forbes, the UNC System Office HR consultant who was instrumental getting Shain's 2016 appraisal reversed, got back in touch with Shain.

59) In a follow up email the next week, Shain expressed to Forbes that she thought that the reason she didn't get the promotion was because of age discrimination. Discussions continued through the spring.

- 10 -

60) On or around April 10, 2018, Forbes informed Shain that the Classification and Compensation team were still trying to determine the full degree of complexity of Shain's job and that a "desk audit" would be necessary and two meetings were held to determine if the job deserved a reclass.

61) On or around May 25, 2018, Neal gave Shain a "Good" rating for the 2017-2018 performance cycle in her annual review. (See attachment 13)

62) In the review, Neal informed Shain that it was no longer the plan for Shain to supervise anyone and that she should stop doing some of the higher-level work that had been part of the Performance Improvement Plans, such as measuring website and advertising metrics and CenterPiece planning.

63) Shain requested that Chariss Jones, the UNC System Human Resources Employee Relations and Equal Opportunity Programs Manager, launch a protected class investigation on her behalf on or around June 26, 2018. Jones said that the investigation should take 45-60 days.

64) On or around July 27, 2018, UNC-TV HR Manager Schwarz informed Shain that her job reclassification was not approved by the UNC System HR Classification and Compensation team.

65) On or about September 20, 2018, having not received any correspondence from Chariss Jones about the investigation since July 11, 2018 despite multiple emails, Shain emailed both Jones and her supervisor, Chris Chiron, and was told that Shain was free to contact the EEOC. (See attachment 14)

66) On or about October 9, 2018, Shain filed a charge of discrimination based on age with the EEOC.

67) On or around October 10, 2018, Shain sent the UNC System Office Legal Affairs team a request for public records showing:

67.1) Names, ages and salaries of UNC-TV employees on January 1, 2014, January 1, 2016, January 1, 2018 and October 1, 2018;

67.2) Any documents discussing age demographics of UNC-TV employees.

67.3) Names and ages of all applicants for the Assistant Director of Creative Services;

67.4) Documents to or from Gail Zimmermann (UNC-TV's director in 2016), Defendant Scott, Tivi Jones, Brian Sickora (UNC-TV's director in 2018), and HR's Schwarz with various age-related keywords;

67.5) Shain's personnel file; and

67.6) Materials collected to date in the UNC System Office's protected class investigation.

(See attachment 15)

68) On or about October 26, 2018, Carolyn Pratt from UNC Legal Affairs sent the names, ages and salaries of UNC-TV employees in 2016 and 2018 (2014 was unavailable).

69) On or about October 31, 2018, Shain using the spreadsheets provided to calculate the demographics, confirmed that there was a sharp rise in the percentage of employees under 40 between 2016 and 2018—from 11% to 23%—and the average age went from 54 to 49. Shain sent her results to Chiron and Chariss Jones. (See attachment 16 and 17)

70) Chiron replied that Chariss Jones is no longer with the UNC System Office and that he would be completing the investigation. The investigation is still ongoing.

71) On or about November 1, 2018, Schwarz asked Shain to edit the keyword list because UNC-TV's Information Technology Department was having trouble processing the whole list without a computer crash.

72) On or about November 4, 2018, Shain agreed to edit her keyword request to focus on just Defendant Scott.

73) On or about December 19, 2019, Schwarz gave Shain a thumb drive containing 157 message files in response to the email keyword search. Schwarz also delivered to Shain documents containing Shain's personnel file.

74) Among the message files was an email exchange on June 1, 2016 in which Schwarz, Zimmermann and Defendant Scott discussed their response to Shain's request to appeal her 2015-2016 performance review. In the email, Zimmermann switched to talking about Shain's appraisal to talking about "they" and "them" indicating that Shain was being treated as part of a group. The email also indicated that Schwarz was getting guidance in her reply and was intentionally responding to Shain by phone instead of email. (See attachment 18)

75) On or around January 17, 2019, Shain sent a second public records request to UNC's Legal Affairs Team, asking for age-related keywords in documents sent to or from Zimmermann and Schwarz that had been taken out of the October 10, 2018 request and some additional keywords. Shain is still waiting for those results plus other items still outstanding from her October request.

76) Shain is increasingly marginalized and her job duties have been diminished.

77) Shain helped write and administer the 2015 Request for Proposals (RFP) for the CenterPiece print contract. She was not included in the development of the 2018 RFP (though, she was included in the committee to evaluate the responses).

78) Shain had been on the committee that was working on UNC-TV's new branding but is not included now.

- 13 -

79) Shain had been responsible for multiple UNC-TV webpages, including developing the blog section, all of the channel pages, the CenterPiece page, and several pages in the About section, but now is only responsible for the monthly update of the CenterPiece webpage and is relegated mostly to print design and production, an older technology..

80) Shain is now doing less complex work and gaining less experience in advanced technology than the younger designers on staff.

81) Defendants UNC-TV and Scott are denying Shain on-the-job experience in digital and multimedia technologies that are now an expectation in Shain's profession, subjecting Shain to unequal terms and conditions of employment and limiting Shain's employment opportunities and status.

82) Shain does not believe that the changes in her job are due to retaliation. Other UNC-TV employees of her age are being and have been similarly treated without having made such claims.

## REQUEST FOR RELIEF

Violation of the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634

1) The foregoing allegations are incorporated herein as if fully set forth.

2) Plaintiff is a person of a protected class within the meaning of the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634 in that she is a person 40 years of age or older.

3) Plaintiff is employed by Defendants.

4) While employed by Defendants, Plaintiff suffered one or more discriminatory practices within the meaning of The Age Discrimination in Employment Act, as described herein.

5) All of the acts and conduct of which Plaintiff companies occurred in Durham County, North Carolina.

6) Defendant's discriminatory actions described herein were due to Plaintiff's age (approximately 55) and Defendants treated younger employees more favorably than Plaintiff.

7) Plaintiff seeks compensatory damages as well as declaratory and injunctive relief, including orders to promote or compensate Plaintiff.

8) On or about October 9, 2018, Plaintiff filed a charge of discrimination based on age with the Equal Employment Opportunity Commission (EEOC). (See attachment 19)

9) On or about October 24, 2018, EEOC issued a "right to sue" letter to Shain, which was received by her on or around October 27, 2018. This action is being filed within 90 days of Shain receiving the EEOC "right to sue" letter. (See attachment 20)

## LIQUIDATED DAMAGES

1) Defendant UNC-TV is liable for liquidated damages as their conduct toward the Plaintiff was an especially malicious or reckless act of discrimination.

2) Officers, directors, and/or managers of UNC-TV participated in and/or condoned the conduct constituting the aggravating factor giving rise to liquidated damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

1) Grant Plaintiff a trial by jury on all issues so triable.

2) Declare that Defendants discriminated against Plaintiff because of her age.

3) Declare the acts and practices complained of herein to be in violation of the Age Discrimination in Employment Act of 1967.

4) Award Plaintiff damages for her loss of income resulting from the discrimination that she has suffered. This should include not only loss of wages, but also loss of fringe benefits such as retirement contributions. Damages should be in an amount in excess of $10,000.00.

5) Direct that Defendants promote Plaintiff to a position equivalent to the Assistant Director of Creative Services, with full seniority and other benefits as if she had been promoted in January 2018 or an equivalent monetary settlement.

6) Grant permanent injunctive relief prohibiting Defendants from engaging in further acts of discrimination and/or retaliation against Plaintiff and other UNC-TV staff.

- 16 -

7) Grant Plaintiff pre-judgment and post-judgment interest on all damages to the maximum extent allowed by law.

8) Award Plaintiff her costs in bringing and prosecuting this action, including her reasonable attorneys' fees.

9) Grant such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 22nd day of January, 2019.*

**MARIA BILINSKI SHAIN**

3539 Hope Valley Road

Durham, NC 27707

919-724-8574

bilinski.shain@gmail.com